UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_Lam Chee Hong_ Petitioner,

v.

Pamela Bondi, Attorney General
of the United States;
in his official capacity as Officer in-
Charge, Buffalo Federal
Detention Facility.

Respondents.

PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT
TO 28 U.S.C. §2241

Civ. No.: 25 cv 182

Petitioner, **Lam Chee Hong**, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

<u>PARTIES</u>

1.) Petitioner was not a lawful permanent resident of the United States, was a native and citizen of **China**. He was ordered deported on **June 21, 2024.** and was taken into ICE custody on **June 21, 2024.** He has been detained by the Bureau of Immigration and Customs Enforcement (ICE) for over six months.

2.) Respondent _Eric H. Holder_ is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration laws.

As such, he is the ultimate legal custodian of the Petitioner.

3.) Respondent *Michael Philips* is the Interim Field Office Director for Detention and Removal, Buffalo Field Office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

4.) Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

5.) Respondent *Todd Tryon* is the Facility Director of the Buffalo Federal Detention Facility in Batavia, New York where Petitioner is detained and he has immediate custody of the Petitioner.

## CUSTODY

6.) Petitioner is detained at the Buffalo Federal Detention Facility at 4250 Federal Drive, Batavia, New York where immigrant detainees are held. Petitioner is under the direct control of Respondents and all their agents.

## JURISDICTION

7.) This action arises under the Constitution of the United States, and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No.

104-208, 110 Stat. 1570, and the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*. This Court has jurisdiction under 28 U.S.C. § 2241, Art. I § 9, Cl. 2 of the United States Constitution (Suspension Clause), and 28 U.S.C. § 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001).

## VENUE

8.) Venue lies in the Western District of New York because Petitioner is currently detained at the Buffalo Federal Detention Facility. Venue in the Western District of New York is also proper because Petitioner is in the custody of Respondent *Michael Philips*, Interim Field Office Director of Buffalo, which encompasses the area where Petitioner is detained. 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

9.) Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R. §241.4. Petitioner was ordered deported on **first time 2013. and second time on June**

3

21,2024 and was taken into ICE custody on     June 21, 2024. At
his "90-day" custody review on 21 da of, September 2024, ICE
decided to continue his detention. In a decision dated ~~December
27,2024~~, ICE's Headquarters Post-Order Detention unit (HQPODU)
informed Petitioner that it would continue to keep him in
custody. The custody review regulations do not provide for appeal
from a HQPODU custody review decision. See 8 C.F.R. §241.4(d).

  10. No statutory exhaustion requirements apply to
Petitioner's claim of unlawful detention.


## STATEMENT OF FACTS

*A.   Background*

  11.) Petitioner,(Lam Chee Hong], was born in [China] on
[date: 08 /15 /1986]. [Briefly describe personal background: the
date: and you came to the United States,on year 2000] reason you
came to United States Political Asylum, your immigration status
when you first came to the United States not states, your
immigration status right before you were ordered deported not
states, where you lived before you were taken into custody,
people with whom you lived (couzin), names of close relatives in
the United States and their immigration status Zou Yuan United
States,citizen, whether you had a passport from your country of
origin when you came to the United States [N/A], whether you

lived in another country before coming to the United States.[N/A] 12.) On July 21.2024 an immigration judge entered an administrative order to have Petitioner removed from the United States to **China**. The BIA affirmed this decision on I don't Remember.

13.) Petitioner was ordered removed because

1) <u>Bail Jumping in the Second degre (Penal Law & 215.56)</u>

2) <u>Burglary in the Third degree  (Penal law & 140.20)   ,</u>

14.) (IF APPLY)Petitioner was released from New York State Department of Correctional Services into ICE custody on **June 21, 2024**. where he is detained at the Buffalo Federal Detention Facility. He has cooperated fully with all efforts by ICE to expedite his removal from the United States to **China**. Although Petitioner's order of removal became final on 2013 and the removal period began on June 2013, Petitioner has yet to receive any travel documents from the **China** consulate.

15.) Petitioner has been in detention longer than six months after receiving a final removal order and ICE has been unable to carry out his removal. Petitioner's consulate has not issued travel documents and there is no certainty as to when, if ever, such papers will be issued. Thus, Petitioner's removal from the United States is not likely to occur within the reasonable foreseeable future. See <u>Habtegaber v. Jenifer</u>, 256 F. Supp. 2d 692, 697-98 (E. D. Mich. 2003) (Ethiopian national ordered

released after 7 months detention where neither Ethiopia nor Eritera responded to INS's request for travel documents); <u>Okwilago v. Immigration & Naturalization Service</u>, No. 3-01-CV-1416-BD, 2002 WL 356758, *3 (N.D. Tex. Mar. 1, 2002) (alien from **June 21,2024** in custody for **8 months** ordered released under <u>Zadvydas</u> because INS did not have travel documents in hand and there was no certainty as to when such documents might be issued); see also <u>Lewis v. Immigration & Naturalization Service</u>, No. 00CV0758 (SJ), 2002 WL 1150158, *4-5 (E.D.N.Y. May 7, 2002) (alien from Barbados provide "good reason to believe removal not likely to occur in the reasonalbe foreseeable future where consulate had not responded to INS requests for travel documents and alien had been detained longer than six months).

16. In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal, <u>id</u>. at 702. Interim administrative regulations also recognize that the HQPDU has a six-month period for determining where there is a significant likelihood of an alien's removal in the reasonable foreseeable future, 8 C.F.R. §241.13(b)(2)(ii).

17. Petitioner's order of removal became final on 2013. Petitioner has been in ICE custody since **June 21,2024**. Therefore, the presumptively reasonable removal period of six months for Petitioner ended on **December 21,2024.**

LEGAL BACKGROUND

18. Section 236(c) of the Immigration and Nationality Act, as amended, provides that "the attorney General shall take into custody any alien who" is removable from this country because he has been convicted of one of a specified set of crimes. The statute requires the Department of Homeland Security to take into custody any alien who "is deportable" from the United States based on having been convicted of any of a wide range of crimes.

19. Petitioner was convicted of      13.)     Petitioner      was ordered removed because

1)    Bail Jumping in the Second degre (Penal Law & 215.56)

2)    Burglary in the Third degree   (Penal law & 140.20)   ,

. Even though the crimes were not aggravated felonies/ CTM's, it is respectfully submitted that INA §236(c) and other mandatory detention statutes are deemed unconstitutional by a majority of courts. See Hoang v. Comfort, 282 F. 3d 1247 (10th Cir. 2002); Patel v. Zemski, 275 F. 3d 299 (3d Cir. 2001).

20. While it is established that inadmissible aliens or those subject to exclusion orders do not enjoy due process rights under the Fifth Amendment of the United States Constitution, several district courts have affirmed that courts have the power and responsibility to review the government's exercise of detention in cases involving inadmissible aliens. See Zadvydas v.

_Davis_, 121 S. Ct. 2491, 2501 (2001) ("Aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law," quoting _Shaughnessy v. United States ex rel Mezei_, 345 U. S. 206, 212 (1953)). See also _Clark v. Martinez_, 125 S. Ct. 716, 160 L. Ed. 29 734, 73 ULLW 4100 (U.S. 2005).

21. Although Petitioner is subject to a final order of removal and his detention is permissible based upon this final order of removal, it has exceeded the reasonalbe limits of the government's authority. See _Zadvydas_, 533 U. S. 678; _Rosales-Garcia v. Holland_, 238 F. 3d 704, 725 (6th Cir. 2003). The Supreme Court's decision in _Zadvydas_ that removable and excludable aliens are situated differently before an order of removal is entered. The Court went on to hold that both removalbe and inadmissible aliens are entitled to be free from detention that is arbitrary and capricious. The Court stated that six months was the maximum period of post order detention that was presumptively reasonable given the alien's fundamental liberty interest, _Zadvydas_, 533 U. S. at 692.

22. The Court in _Patel v. Zemski_, 275 F. 3d 299 (3d Cir. 2001) also stated that under _Zadvydas_ immigration detention implicates a fundamental liberty interest and that the INS is limited to a "period reasonably necessary to bring about the

alien's removal generally no more than six month," _id_ at 209 citing _Zadvydas_, 533 U. S. at 692. Additionally, the Code of Federal Regulations recognizes that the Service's Headquarters Post-Order Detention Unit (HQPODU) must make a determination within a six month period as to whether there is a significant likelihood that the alien can be removed from the United States in the reasonably foreseeable future. See 8 C.F.R. §241.13(b)(2) (ii). Presumptive reasonable time established by the Supreme Court. Such prolonged detention is arbitrary and capricious since Petitioner's removal to **China** is not likely to occur in the reasonable foresseable future.

23. Prior to the Supreme Court's decision in _Zadvydas_, courts in the third circuit determined that aliens are not subject to prolonged post-oder detention. See _Chi Thon Ngo v. INS_, 192 F. 3d 390 (3rd Cir. 1999) ("Stakes are high and we emphasize that grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for aliens"). In _Chi Thon Ngo_, the court found that the statue satisfied due process because it provided for "searching periodic reviews" of the basis for detention but granted the petitioner's writ of habeas corpus since he had not received the "rigorous reviews of his eligibility for parole that due process requires," _id_ at 399.

24. Following _Zadvydas_, the Attorney General promulgated regulations establishing a process for determining the custody of

9

aliens subject to prolonged detention awaiting execution of a removal order, see 8 C.F.R. §241.13, which applies to aliens such as Petitioner "who are subject to a final order of removal and are detained under the custody review procedures provided at section §241.4 after the expiration or removal period. "Section 241.13 tracks <u>Zadvydas</u>'s mandate in that it requires a deportable alien to first establish a basis that removal in the 'reasonably foreseeable future' is not possible," <u>Jabir v. Ashcroft</u>, No. CIV.A.03-2480, 2004 WL 60318, at 85 (E.D. La. Jan. 8, 2004).

25. A non-citizen who is detained may trigger HQPODU review of whether there is a significant likelihood of removal in the reasonably foreseeable future by written request, 8 C.F.R. § 241.13(d). The HQPODU must respond to such a request within ten business days, acknowledge the request, and explain the process that will be followed to consider the request, 8 C.F.R. § 241.13(e)(1). The HQPODU must assess the detainee's cooperation with removal efforts in addition to factors such as the history of ICE's "efforts to remove aliens to the country in question of third countries, . . . the ongoing nature of efforts to remove this alien, . . . the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects of removal of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory," 8 C.F.R. §241.13(f). According to the

regulations, while "there is no presumptive period of time within which the alien's removal must be accomplished, . . . the prospects of the timeliness of removal must be reasonable under the circumstances," 8 C.F.R. §241.13(g). If HQPODU determines that there is no significant likelihood that the alien will be removed in the reasonable foreseeable future, the alien is to be released, upon appropriate conditions, unless "special circumstances" exist, 8 C.F.R. §241.13(g)(1).

26. Special circumstances allowing the continued detention of non-citizen who are subject to removal but unlikely to be removed in the reasonably foreseeable future include those who pose a special safety risk to the public, in the sense that they carry contagious diseases, 8 C.F.R. §241.14(b); pose serious adverse foreign policy consequences, 8 C.F.R. §241.14(c); are being detained because of anti-terrorism concerns, 8 C.F.R. § 241.14(d); or have been determined to be "specially dangerous," either because of the alien's criminal record or by virtue of mental illness, 8 C.F.R. §241.14(f).

27. In the instant case, Petitioner had not received a "searching periodic review" of his custody status. ICE has never asserted that special circumstances exist to justify Petitioner's prolonged detention, or that Petitioner poses a danger to national security or that he's a flight risk. Thus, Petitioner alleges that his detention violates both substantive and

procedural due process insofar as ICE has failed to conduct a periodic review of his status in accordance with its own procedures and has made no determination that he posed either a danger to society or a flight risk.

28. This Court should grant Petitioner's writ of habeas corpus because the government has failed to acknowledge its compliance with all of the obligations of his detention or provide another valid reason for his continued detention, and his unjustly prolonged detention deprives Petitioner of his liberty, see Chi Thon Ngo, 192 F. 3d at 393. There is no justifiable reason for his continued detention. Since Petitioner's detention has continued beyound the six-month post removal order period, his continued detention should be deemed an unlawful deprivation of his liberty, see Zadvydas, 522 U. S. 678.

29. Petitioner further contends that his prolonged detention without the possibility of bond violates the United States Constitution. Petitioner respectfully requests that this honorable court consider as persuasive authority the decision of the United States Court of Appeals for the Third Circuit with respect to the application of the time limiting provision of 8 U.S. C. §1226 as preventing the prolonged detention of inadmissible or excludable aliens, see Patel v. Zemski, 275 F. 3d 299 (3d Cir. 2001) (holding that mandatory detention of aliens after they have been found subject to removal violates their due

process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community); <u>Chi Thon Nog v. INS</u>, 192 F. 3d 390, 398 (3d Cir. 1999) (same).

FIRST CLAIM FOR RELIEF

30. Petitioner re-alleges and incorporates by reference paragraphs 1 through 29 as is set forth fully herein.

31. The government is illegally detaining Petitioner because he has been in custody for over six months and he will not be able to be removed to **China** in the reasonably foreseeable future.

32. Petitioner's continued detention by Respondent is unlawful and contravenes 8 U. S. C. §1231(a)(6) as interpreted by the Supreme Court in <u>Zadvydas</u>. The six month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed and he continues to languish in detention. Petitioner's removal to **China** or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in <u>Zadvydas</u> that the ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

33. Petitioner requests that the government show cause why his continued detention is justified.

## SECOND CLAIM FOR RELIEF

34. Petitioner re-alleges and incorporates by reference paragraphs 1 through 33 above as set forth herein.

35. Petitioner alleges that in light of the equities in this case, his prolonged detention more than six months violates his right to substantive due process under the Fifth Amendment of the United States Constitution.

36. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailered to serve a compelling government interest. While respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify his indefinite detention. Zadvydas recognized that ICE might continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six-months. Petitioner has already been detained in excess of six months and his removal is not significantly likely to occur in the reasonably foreseeable future.

## THIRD CLAIM FOR RELIEF

37. Petitioner re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36 as set forth fully herein.

38. Petitioner alleges that in light of the equities in this

case, his prolonged detention more than six months without a meaningful review of his detention in accordance with federal regulations violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Issue an order requiring respondents to promptly release Petitioner because there is no likelihood that he will be removed to **China** in the reasonably foreseeable future;

3) Order the Attorney General and his agents not to remove Petitioner from the jurisdiction of this Court during the duration of the consideration of this petition.

4) Grant any other and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct. Respectfully submitted this date on

DATED:    <u>February 24, 2025</u>
          Batavia, New York

By: _____
**Lam Chee Hong** A-205-986-550
Pro-se Litigant
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020.

15

## AFFIDAVIT OF SERVICE

SATE of New York  )
Caunty of Geneses)SS;

I, Lam Chee Hong  Immigration A-205-986-550  First being duly sworn,deposes and say that on

the February 24, 2025. I did in fact give the designated copies of the Attached: **PETITION FOR**

**WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241:** to an officer at Buffalo

Federal Detention Facility to Be duly carried to the following parties:

**Original And Copy**
Clerk  of Court
Mary  C.  Loewenguth
100- State  Street
Rochester  NY   14614

*Respectfully Submitted*

Lam Chee
Lam Chee Hong A-205-986-550
**A-214-543-659**
B.F. D. F  4250-Federal Drive
Batavia,New York   14020

Sworn to before Me this 24

Day of Feb, 2025
Aaron A Stahl
Notary        Public

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

## **Certificate of Service**

**ORIGINAL AND COPY**

Clerk of Court
Mary C. Loewenguth
100- State Street
Rochester NY 14614

I,Lam Chee Hong                    A-205-986-550

ereby certify that i served a copy of the attached documents on the Immigration Court and the Office of
Clerk of Court 100- State Street Rochester NY 14614 at the above Addresses by:

_x_detention facility Mail

___Regular Mail

_____                    Dated: February 24, 2025
Detainee Signature

JS 44  (Rev. 08/18)

**CIVIL COVER SHEET**

25cv 182

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

*Lam Chee Hong*

**DEFENDANTS**

*Bondi et al*

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☒ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                          DOCKET NUMBER

DATE  *2/27/25*

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

Lam chee Hong A-205-986-550
Baffolo Federal Detention Facility
H25-Federal Drive
Batavia, New York 14020

Cl
Ma
10
Ro

Legal Mail



BUFFALO NY 142
TUE 25 FEB 2025    PM

Buffalo Federal Detention Facility

erk of Court
ny C. Loewenguth
- State street
ctter NY 14614



USDC-WDNY
FEB 27 2025
ROCHESTER